UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| APCO WILLAMETTE CORPORATION, | ) |
| Plaintiff, | ) |
| v. | ) |
| P.I.T.W.U. HEALTH AND WELFARE FUND, SOUTHERN PLAN ADMINISTRATORS, INC., OAK TREE ADMINISTRATORS, INC., BENEFIT CONCEPTS, INC. a/k/a BROKERAGE CONCEPTS, INC., PRIVILEGE CARE, INC. a/k/a NORTHPOINT, INC., GORDON ESSES, DENNIS LORTZ, DAVID WEINSTEIN and MARK MACARIELLA, | ) Case No. 03 C 4307 ) ) Judge Joan B. Gottschall ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff APCO Willamette Corp. ("APCO") has sued various defendants under the Employee Retirement Income Security Act of 1974 ("ERISA") and Illinois law for alleged failure to obtain and provide an adequate health care insurance plan for APCO's employees. Presently before the court are the motions to dismiss of defendants Oak Tree Administrators, Inc. ("Oak Tree") and Benefit Concepts, Inc. a/k/a Brokerage Concepts, Inc. ("Benefit") and the partial motion to dismiss of Dennis Lortz. For the reasons stated below, APCO's complaint is dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

APCO's first amended complaint alleges the following facts which the court assumes to be true for the purpose of this motion. APCO is an Illinois corporation that performs "heavy industrial" work. In early 2002, APCO hired Lortz, an Illinois insurance broker, to obtain a health care

insurance plan for its employees. Lortz and another insurance broker, Gordon Esses, recommended a health care plan (the "P.I.T.W.U. Plan") that was offered by defendants P.I.T.W.U. Health and Welfare Fund ("P.I.T.W.U.") and Privilege Care, Inc. a/k/a Northpoint, Inc. ("Privilege Care"). David Weinstein, then president of Privilege Care, represented to APCO that the P.I.T.W.U. Plan was sufficiently capitalized, that Privilege Care was properly licensed, and that Privilege Care had not been subject to any regulatory, administrative, civil or criminal proceedings. Lortz and Esses echoed these statements, and based upon these representations APCO began participating in the P.I.T.W.U. Plan on March 1, 2002. APCO timely paid its monthly premiums until it withdrew from the plan in early 2003.

Privilege Care instructed APCO to send its employees' claims to Oak Tree, a third party plan administrator hired by Privilege Care and P.I.T.W.U. APCO submitted thousands of dollars in claims to Oak Tree, and none of the claims were paid. Oak Tree allegedly knew that P.I.T.W.U. was underfunded and that P.I.T.W.U. and/or Privilege Care would not be able to pay the APCO claims, but failed to inform APCO. In Summer 2002, Privilege Care and P.I.T.W.U. replaced Oak Tree with a new plan administrator, Benefit. APCO's employees began submitting claims to Benefit, which likewise did not pay any claims and failed to inform APCO of any P.I.T.W.U./Privilege Care problems.

In November 2002, Privilege Care and P.I.T.W.U. replaced Benefit with Southern Plan Administrators, Inc. ("Southern"), and assured APCO that claims would be paid efficiently. However, Southern also failed to pay claims or inform APCO of problems with the P.I.T.W.U. Plan. In early 2003, Privilege Care's new president, Mark Macarriella, instructed APCO to send its outstanding claims to Privilege Care for reimbursement. APCO withdrew as a participant from the P.I.T.W.U. plan after Privilege Care failed to reimburse those claims. According to APCO, Privilege

Care, P.I.T.W.U., Oak Tree, Benefit, Southern, Esses, Weinstein and Macarriella were under investigation by numerous federal and state regulatory agencies for violations of ERISA and state insurance laws throughout the duration of APCO's participation in the P.I.T.W.U. plan.

APCO subsequently brought this action, and this court entered a default judgment against Privilege Care, P.I.T.W.U., Weinstein, Maciarrella and Southern after those defendants failed to appear and answer the original complaint. APCO's first amended complaint contains the following counts: breach of contract against Lortz and Esses (Count I); breach of duty under the Illinois Insurance Placement Liability Act ("IPLA"), 735 ILCS 5/2-2201, against Lortz and Esses (Count II); breach of fiduciary duty under ERISA against P.I.T.W.U., Privilege Care, Oak Tree, Benefit, Southern, Weinstein and Maciarrella (Count III); negligence against P.I.T.W.U., Privilege Care, Oak Tree, Benefit, Southern, Weinstein and Maciarrella (Count IV); breach of contract against Privilege Care, P.I.T.W.U., Oak Tree, Benefit and Southern (Count V); negligent misrepresentation against Esses, Lortz, P.I.T.W.U., Privilege Care, Macarriella and Weinstein (Count VII); and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count IX), fraud and conspiracy to commit fraud (Count VI), and a declaration of rights pursuant to 28 U.S.C. §2201 (Count VIII) against all defendants. Benefit, Oak Tree and Lortz[1] have moved to dismiss the claims against them under FED. R. CIV. P. 12(b)(6), arguing that certain state law claims are preempted by ERISA, that APCO lacks standing to bring claims on behalf of its employees, and that various claims fail to state a claim on which relief can be granted.

## II. ANALYSIS

Standing is "the threshold question in every federal case," *Warth v. Seldin*, 422 U.S. 490, 498

---

[1] "Defendants," as used in the remainder of this opinion, refers collectively to these defendants.

(1975), so the court begins with defendants' argument that APCO is not entitled to bring any claims on behalf of its employees. Although defendants bring these motions under FED. R. CIV. P. 12(b)(6), defendants' arguments that APCO lacks standing to sue are arguments that this court does not have subject matter jurisdiction, *Mayo v. Lane*, 867 F.2d 374, 378 (7th Cir. 1989), which are properly brought under FED. R. CIV. P. 12(b)(1). When reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). For the purpose of determining subject matter jurisdiction, the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id*. The burden of proof in a Rule 12(b)(1) issue is on the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

### A. APCO's Standing to Assert Breach of Fiduciary Duty Under ERISA.

APCO maintains that federal jurisdiction exists because it has brought claims under ERISA, so the court first addresses whether APCO has standing to assert claims for breach of fiduciary duty under that act.[2] The purpose of ERISA is to protect the interests of employees and their beneficiaries in employee benefit plans. 29 U.S.C. § 1001(a). The parties do not dispute that ERISA governs at least some of the claims because the P.I.T.W.U. Plan is an employee benefit plan within the meaning of the act. *See* 29 U.S.C. § 1002(1).

---

[2] As far as this court can tell, breach of fiduciary duty (Count III) is the only count in the complaint brought under ERISA. Counts II, VII and IX assert violations of other statutes, and Count I, for breach of contract against the insurance brokers for recommending a bad plan, is brought under Illinois law. Pl.'s Opp'n Br. at 3. Oak Tree and Benefit assumed that the remaining counts were not ERISA counts, and in fact even argue that Counts IV-VI and VIII-IX are preempted by ERISA. APCO does not dispute this assertion, but instead "voluntarily withdraws and will not pursue" these counts against Benefit and Oak Tree. *Id*. at 2 n.2, 6 n.3.

Section 502(a) of ERISA, 29 U.S.C. § 1132(a), relied on by APCO, limits standing to sue under the act to plan participants and beneficiaries. Since employers are neither, they may not sue under this section. *Southern Illinois Carpenters Welfare Fund v. Carpenters Welfare Fund of Illinois*, 326 F.3d 919, 921-22 (7th Cir. 2003). APCO concedes that it cannot sue as an employer under Section 502(a), but argues that it has standing to assert ERISA claims because its employees, who are participants and beneficiaries under ERISA, assigned their legal rights and claims in this action to APCO before the first amended complaint was filed, allowing APCO to stand the shoes of the employees. Pl.'s Opp'n Br. at 9.

ERISA requires pension plans to forbid the assignment of benefits, but contains no similar anti-assignment provision for welfare plans such as the health care plan at issue here. *See* 29 U.S.C. § 1056(d)(1); *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 615 (7th Cir. 2002). Accordingly, the Seventh Circuit has held that "claims for welfare benefits, not limited to health-care benefits, are assignable, provided of course that the ERISA plan itself permits assignment, assignability being a matter of freedom of contract in the absence of a statutory bar." *Morlan*, 298 F.3d at 615. Defendants contend that APCO's assignments are invalid precisely because the P.I.T.W.U. Plan prohibits assignment of benefits. Specifically, the P.I.T.W.U. Summary Plan Description provides that "[n]o person entitled to any benefit under this Plan shall have any right to assign, alienate, anticipate or commute any such benefits ... ." Benefit Mot. to Dismiss Mem. Ex. B at 60.

APCO responds that its employees have not assigned APCO the benefits themselves, but rather their legal claims for damages, citing *Texas Life, Accident, Health & Hosp. Serv. Ins. Guar. Ass'n v. Gaylord Entm't. Co.*, 105 F.3d 210 (5th Cir. 1997). *Texas Life* addressed the permissibility of assigning claims under pension plans. Although *Texas Life* acknowledged that ERISA prohibits

assignment of pension plan benefits, it found that claims for breach of fiduciary duty nevertheless were assignable, reasoning that a "benefit" is a contractual right to receive payments separate from the right to sue for breach of fiduciary duty, which is provided by ERISA itself. 105 F.3d at 215. APCO urges the court to make a similar finding here, since the language of the P.I.T.W.U. Plan also forbids assignment of benefits but is silent as to assignment of claims.[3]

APCO's argument must fail. The Seventh Circuit in *Morlan* considered the resolution reached by *Texas Life* on the question of assignability of pension plan claims and chose not to follow that case. *See* 298 F.3d at 615. *Morlan* involved a plan participant who brought an action for breach of fiduciary duty following the denial of both pension and welfare plan benefits. 298 F.3d at 613-14. The participant later filed for bankruptcy, and the district court dismissed the suit, reasoning that the participant did not have standing to sue since the ERISA claim became an asset of the estate in bankruptcy. *Id*. at 614. *Morlan* reversed the district court, finding that ERISA's anti-assignment clause for pension plan benefits prohibited the pension claims from falling to the bankruptcy estate.[4] *Id*. at 614, 616. The reasoning of APCO and *Texas Life* – that a prohibition on assignment of benefits does not foreclose assignment of a fiduciary duty claim – would have compelled exactly the opposite result in *Morlan*. The holding in *Morlan* is inconsistent with the result APCO urges.[5]

---

[3] The Eighth Circuit makes a similar benefit/claim distinction, *see, e.g., Lutheran Med. Ctr. v. Contractors, Laborers, Teamsters, and Engineers Health and Welfare Plan*, 25 F.3d 616, 619 (8th Cir. 1994), but APCO's opposition brief relies solely on *Texas Life*.

[4] Although *Morlan* dealt with a purported involuntary assignment through bankruptcy, it is undisputed that the ERISA pension plan anti-assignment provision applies to both voluntary and involuntary assignments. *Morlan*, 298 F.3d at 614.

[5] While the court of appeals expressed considerable skepticism about the *Texas Life* court's distinction between benefits and claims that benefits were withheld in breach of the plan administrator's fiduciary obligation, this court believes that the distinction has a few things to recommend it. First, as the Fifth Circuit points out, a number of courts have construed the term "benefits" as used in 29 U.S.C. §1056(d)(1) as the right to receive payments. If this is what

B.  **Subject Matter Jurisdiction Absent the ERISA Claims.**

The court cannot reach the remainder of defendants' arguments because it lacks subject matter jurisdiction over APCO's claims. As noted above, APCO maintains that there is federal question jurisdiction under 28 U.S.C. §1331, citing ERISA Section 502(a) and arguing generally that this action raises federal questions involving an employee benefit plan governed by that act. However, because APCO cannot pursue its employees' ERISA claims under Section 502, APCO cannot rely on its one ERISA count to establish federal question jurisdiction. APCO's amended complaint does contain one other federal claim, a request for a declaration of rights under the Declaratory Judgment Act, 28 U.S.C. § 2201, but a request for a declaration of rights does not create an independent source of federal jurisdiction.[6] 28 U.S.C. § 2201; *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). Finally, APCO's complaint does not allege diversity jurisdiction under 28 U.S.C. § 1332. APCO does not indicate whether the individual defendants are citizens of other states,

---

"benefits" as used in the statute means, a reasonably strict construction of the statute would not extend this term to encompass a claim against a plan administrator for breach of fiduciary duty, whether the breach was simply failing to pay benefits when due, when the breach claim most closely resembles a simple failure to pay benefits, or otherwise disabling the plan from paying benefits, when the failure to pay benefits may be a symptom of a larger problem. Second, the ERISA statute itself appears to treat failure to pay benefits and breaches of fiduciary duty in connection with a plan's ability to meet its obligations differently; 29 U.S.C. §1132 provides that only participants and beneficiaries may sue to recover benefits under the plan, while the Secretary of Labor or a participant, beneficiary or fiduciary may sue for breaches of fiduciary duty under 29 U.S.C. §1109. *Compare* 29 U.S.C. §1132(a)(1) *with* 29 U.S.C. §1132(a)(2). Finally, as a matter of policy, there is at least one good reason to allow derivative standing: so that employers and guaranty associations can, where they are willing or able to do so, provide funds to meet employees' immediate needs in return for an assignment of their claims against an unresponsive or impecunious plan. *See, e.g., Texas Life,* 105 F.3d at 215. Whether these justifications for making a distinction are sufficient is an issue on which this court finds it unnecessary to opine, as it concludes that the Seventh Circuit's decision in *Morlan* dooms APCO's claim.

[6]  Even if it did, APCO has stated that it "voluntarily withdraws and will not pursue" this claim. Pl.'s Opp'n Br. at 2 n. 2

although it does allege that some are "residents" of other states. *See Meyerson v. Harrah's East Chicago*, 299 F.3d 616, 617 (7th Cir. 2003) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction."). But even assuming that APCO wanted to plead diversity jurisdiction and the individual defendants are citizens of the states in which they reside, the inclusion of Illinois resident Lortz as a defendant would violate the requirement of complete diversity of citizenship between the parties.

APCO's first amended complaint is dismissed for lack of subject matter jurisdiction. Because it is now clear that this court never had subject matter jurisdiction to begin with, this court also vacates the default judgments against P.I.T.W.U., Southern, Privilege Care, Weinstein and Marcariella.

### III. CONCLUSION

For the reasons set forth above, plaintiff APCO Willamette Corp.'s amended complaint is dismissed for lack of subject matter jurisdiction, and the default judgments entered by this court on January 21, 2004 against P.I.T.W.U. Health and Welfare Fund, Southern Plan Administrators, Inc., Privilege Care, Inc. a/k/a Northpoint, Inc., David Weinstein and Mark Marcariella are vacated. This action is hereby terminated.

ENTER:

/s/
Joan B. Gottschall
United States District Judge

DATED: March 29, 2005